**STATE of Minnesota, Appellant,**

v.

**Brad GRUNIG, Respondent.**

**No. C0–01–1101.**

Supreme Court of Minnesota.

May 1, 2003.

Mike Hatch, Attorney General, James B. Early, Asst. Attorney General, St. Paul, MN, James R. Olson, Brown County Attorney, New Ulm, MN, for Appellant.

Brad W. Colbert, Asst. Public Defender, St. Paul, MN, for Respondent.

gensen's counsel, in the trial court's presence, that no such questioning would take place.

## OPINION

MEYER, Justice.

This appeal presents a discrete question of law—whether the state waived issues of a caretaker's actual or apparent authority to consent to a search assuming the state did not argue these issues to the district court and the issues were raised for the first time on appeal. The court of appeals held that the state waived them. We reverse.

Relatively few facts are necessary to analyze the issues presented in this case. Respondent, Brad Grunig, lived with Amy Herzog and her daughter in an apartment in New Ulm, Minnesota. They rented a garage that was not attached to the apartment. Dale Wurtzberger was the caretaker of the apartment building.

After receiving a complaint about odors emanating from Grunig's garage, Wurtzberger informed the police on August 3, 2000. Wurtzberger asked Corporal Losinski to accompany him on an inspection of the garage, in an attempt to find out what was causing the strange odor. Losinski asked Wurtzberger if Wurtzberger had permission to enter the garage. Wurtzberger responded that he could access the garage whenever he wanted. Wurtzberger had the key and opened the door. At the omnibus hearing, Wurtzberger admitted he did not know whether he had authority to enter the garage, and just assumed he did. He stated that on at least one other occasion he had opened Herzog's garage outside Herzog's presence, because she had locked her keys in the garage. Wurtzberger also stated that he does not go in and out of tenants' garages unless asked.

Once inside the garage, Losinski noticed a strong odor and saw evidence that the garage was being used as a methamphetamine lab. Based on what Losinski saw in the garage, the police obtained a warrant to search the garage, the apartment, and Herzog's car. All the materials necessary to make methamphetamine were present in the garage, including decongestant tablets, matchbooks, starter fluid, coffee filters, hot plates, and muriatic acid, although the police never discovered any finished methamphetamine. Officers arrested Grunig and Herzog and charged both with manufacturing and conspiring to manufacture methamphetamine. Based on a lack of evidence, the district court dismissed the count alleging Grunig had manufactured the drug.

At a joint omnibus hearing, both Grunig and Herzog attempted to suppress all evidence seized as a result of Losinski's initial warrantless entry into the garage. Arguing against suppression, the state relied on a theory of public safety to justify the entry and also mentioned that the officer believed the caretaker had permission to enter the garage. The state did not include an apparent or actual authority argument in its written memorandum supplementing its oral argument. The district court denied both defendants' motions to suppress, ruling that the search fell within an emergency or community caretaking exception, and also noted that "Mr. Wurtzberger did indicate he had permission and later he testified he assumed he could go in the garage, but there was nothing in writing." Herzog and Grunig were convicted in separate trials of the conspiracy charges. The court then sentenced Grunig to the presumptive sentence, seven years and two months in prison.

Grunig and Herzog filed separate appeals. *See State v. Grunig,* No. C0-01-1101, 2002 WL 1365632, at *2 (Minn.App.

June 25, 2002); *State v. Herzog,* No. C3–01–802, 2002 WL 769215, at *2 (Minn.App. Apr. 30, 2002). Both alleged that the district court had erred in refusing to suppress the evidence. Grunig argued that the warrantless search was not justified by the emergency exception.[1] In Grunig's case, the court of appeals concluded that the district court should have suppressed the evidence obtained with the search warrant. Because the only evidence supporting Grunig's conviction was seized as a result of the officer's entry into the garage, the court of appeals reversed the conviction. The court held that the district court erred in finding the initial search met the community caretaker exception or emergency exception to the warrant requirement. Despite having requested supplemental briefs on the issue of actual or apparent authority, the court of appeals declined to address the apparent authority issue in Grunig's case, ruling that the state had waived those arguments.[2]

■ We accepted review of whether the state waived consideration of the issues of actual or apparent authority in Grunig's case. We exercise de novo review when presented with a decision by the court of appeals not to address a legal issue. *See In re Olson,* 648 N.W.2d 226, 227–28 (Minn.2002).

■ The waiver rule is an administrative rule dictating that appellate courts will not decide issues that were not raised in the trial court. *See Roby v. State,* 547 N.W.2d 354, 357 (Minn.1996). One purpose of the rule is to allow the trial court to correct any alleged errors before a jury

verdict. *See* 24 C.J.S. *Criminal Law* at § 1682 (1989). Rule 29.04 of the Minnesota Rules of Criminal Procedure is an exception to the waiver rule that allows a "respondent, without filing a cross-appeal, to defend a decision or judgment on any ground that the law and record permit that would not expand the relief that has been granted to the respondent." Minn. R.Crim. P. 29.04, subd. 6. We have cited Rule 29.04 in allowing respondents appearing before this court to raise alternative arguments. *See, e.g., State v. Larson,* 389 N.W.2d 872, 875 n. 5 (Minn.1986).

Federal and state jurisdictions have a similar exception to the waiver rule. In federal court, the United States Supreme Court has explicitly addressed this issue and refused to apply the waiver rule to appellees in both civil and criminal cases. *See Thigpen v. Roberts,* 468 U.S. 27, 29–30, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984) (ruling in a habeas corpus action that the Supreme Court "may affirm on any ground that the law and the record permit and that will not expand the relief granted below"); *Smith v. Phillips,* 455 U.S. 209, 215 n. 6, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (clarifying that respondent in a civil case could "defend the judgment below on any ground which the law and the record permit, provided the asserted ground would not expand the relief which has been granted"). Other state courts also allow appellees to argue new theories on appeal, and appellate courts to affirm on new grounds, as long as the law and record permits. *See, e.g., People v. Koontz,* 27 Cal.4th 1041, 119 Cal.Rptr.2d 859, 46 P.3d 335, 358 n. 4 (2002); *State v. Kaleohano,* 99 Hawai'i 370, 56 P.3d 138, 146 (2002);

---

1. Herzog argued that the warrantless entry was not justified by an emergency, and additionally that it was not justified by Wurtzberger's consent to the search. *See Herzog,* 2002 WL 769215, at *1.

2. Almost two months earlier a different panel of the court of appeals affirmed Herzog's conviction based on Wurtzberger's apparent authority to enter the garage. *See Herzog,* 2002 WL 769215, at *1.

*Ratliff v. State,* 770 N.E.2d 807, 809 (Ind. 2002); *People v. Engelman,* 434 Mich. 204, 453 N.W.2d 656, 665 n. 27 (1990); *State v. Horn,* 139 Wis.2d 473, 407 N.W.2d 854, 861–62 (1987).

In this case, the state's desire to argue that Wurtzberger had actual or apparent authority to consent to the search of Grunig's garage fits within Rule 29.04's exception to the waiver rule. The state built a factual record with respect to the issue of apparent authority in the joint omnibus hearing.[3] The state raised the issue orally, and asked both Wurtzberger and Losinski questions related to Wurtzberger's authority to enter Grunig's garage. At the court of appeals, both the state and Grunig submitted supplemental briefs addressing Wurtzberger's actual and apparent authority.

Grunig relies heavily on *Garza v. State,* 632 N.W.2d 633 (Minn.2001), in arguing that the state should not be able to defend the district court's decision on an alternative legal argument. In *Garza,* the district court denied the defendant's motion to suppress evidence seized in a search, rejecting Garza's claim that the unannounced entry by police was unjustified. *Id.* at 636. On appeal, the state raised an alternative legal argument—the defendants lacked standing to contest the unannounced entry—to support the district court's ruling. *Id.* at 637. The court of appeals considered the substantive issue of standing, and decided against the state, holding that defendants had standing to contest the entry. *Id.* This court affirmed the court of appeals, holding that the state had waived its right to raise the issue and noting that "the state failed to take advantage of its opportunity to build a factual record with respect to standing." *Id.* Because the

state had not established a factual record in *Garza,* it did not come within Rule 29.04's exception to the waiver rule and *Garza* does not control our decision.

 We conclude the court of appeals erred because it failed to apply Rule 29.04 and consider the state's argument that Losinski had actual or apparent authority to enter Grunig's garage. A respondent can raise alternative arguments on appeal in defense of the underlying decision when there are sufficient facts in the record for the appellate court to consider the alternative theories, there is legal support for the arguments, and the alternative grounds would not expand the relief previously granted. Therefore, we remand to the court of appeals for reconsideration of Wurtzberger's actual or apparent authority to consent to the search of the garage, consistent with this court's recent decision in *State v. Licari,* 659 N.W.2d 243 (Minn. 2003).

Reversed in part and remanded.

---

**3.** Herzog's court of appeals panel affirmed her conviction on this apparent authority issue based on evidence developed by the state at the joint omnibus hearing. *See Herzog,* 2002 WL 769215, at *2.