*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1512**

State of Minnesota,
Respondent,

vs.

Benjamin Perry Richardson,
Appellant.

**Filed August 3, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-13-3211

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Connolly, Judge; and Bjorkman, Judge.

**CONNOLLY**, Judge

In this appeal from his conviction of second-degree controlled-substance crime, appellant argues that the district court erred in denying his motion to suppress evidence seized during execution of a nighttime search warrant. We affirm.

## FACTS

At approximately 10:10 p.m. on January 8, 2013, officers with the Minneapolis Police Department executed a search warrant at appellant Benjamin Perry Richardson's apartment. The warrant authorized a nighttime search. During the search, the officers discovered marijuana and crack cocaine. Respondent State of Minnesota charged appellant with second-degree controlled-substance crime (possession of six grams or more of cocaine).

The following facts supported the search warrant application. A confidential reliable informant (CRI) told police that an individual by the name of Benny Ray was selling crack cocaine out of his apartment on 36th Avenue South in Minneapolis. The CRI stated that Benny Ray sold drugs until approximately 11:00 p.m. An officer performed a computer check and identified appellant as the individual who lived at the apartment identified by the CRI. The officer printed appellant's picture and showed it to the CRI, who identified appellant as Benny Ray. The officer then arranged for the CRI to make a controlled buy of crack cocaine from appellant. The CRI contacted appellant through a third party, and the CRI and third party drove to appellant's apartment. Appellant answered the door and he and the third party went inside. A short time later

the third party returned to the car and then dropped the CRI off. The CRI produced a quantity of crack cocaine that the third party purchased from appellant. The officer then applied for a search warrant. The warrant application requested a nighttime search and stated one was necessary because "[appellant] sells narcotics during the day and night" and "officers have made a controlled buy from [appellant] during the evening hours." The issuing magistrate granted the nighttime search warrant.

Following his arrest, appellant moved to suppress the evidence obtained as a result of the search. Appellant argued that the information in the search warrant application was insufficient to justify a nighttime search. The district court determined that the police did not have reasonable suspicion for a nighttime search, but that suppression of the evidence was unnecessary because the resulting violation was merely a "technical violation of Minnesota statutes" and did not amount to a constitutional violation. Appellant moved for a supplemental evidentiary hearing and reconsideration of the district court's order denying his motion. The district court held a second evidentiary hearing and considered the additional issue of whether the police violated the knock-and-announce rule when executing the search warrant. The district court again denied appellant's motion.

Appellant waived his right to a jury trial and agreed to proceed with a stipulated-facts trial to preserve appellate review of the pretrial ruling under Minn. R. Crim. P. 26.01, subd. 4. The district court found appellant guilty of second-degree controlled-substance crime and sentenced him to 36 months in prison. This appeal follows.

**D E C I S I O N**

The district court concluded that the search warrant application did not present sufficient facts to justify the authorization of a nighttime search under Minn. Stat. § 626.14 (2014), but that suppression of the evidence was unnecessary because the violation was only technical. Minn. Stat. § 626.14 provides:

> A search warrant may be served only between the hours of 7:00 a.m. and 8:00 p.m. unless the court determines on the basis of facts stated in the affidavits that a nighttime search outside those hours is necessary to prevent the loss, destruction, or removal of the objects of the search or to protect the searchers or the public. The search warrant shall state that it may be served only between the hours of 7:00 a.m. and 8:00 p.m. unless a nighttime search outside those hours is authorized.

When reviewing pretrial orders on motions to suppress evidence, this court reviews the district court's factual findings for clear error and the legal determinations de novo. *State v. Jordan*, 742 N.W.2d 149, 152 (Minn. 2007).

**1.     The search warrant application**

Respondent argues that the district court erred by concluding that the search warrant application did not allege sufficient facts to justify a nighttime search under Minn. Stat. § 626.14 and that the decision to deny the motion to suppress should be affirmed on that ground. *See State v. Grunig*, 660 N.W.2d 134, 137 (Minn. 2003) (stating that a respondent "can raise alternative arguments on appeal in defense of the underlying decision"). This presents a legal question that we review de novo. *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999). For a nighttime search to be authorized under Minn. Stat. § 626.14, the search warrant application must "establish at least a reasonable suspicion

4

that a nighttime search is necessary to preserve evidence or to protect officer or public safety." *State v. Bourke*, 718 N.W.2d 922, 927 (Minn. 2006). The reasonable-suspicion standard is "not high" but requires that the officer "be able to point to something that objectively supports the suspicion at issue." *Id.* (quotation omitted). A magistrate may draw reasonable inferences from the information contained in the search warrant application. *State v. Brennan*, 674 N.W.2d 200, 204 (Minn. App. 2004), *review denied* (Minn. Apr. 20, 2004). This court gives great deference to the issuing judge's determination that a nighttime search should be authorized. *Bourke*, 718 N.W.2d at 927-28. This includes the principle that "doubtful or marginal cases should be largely determined by the preference to be accorded warrants." *Id.* at 928 (quotations omitted).

Respondent argues that a reasonable inference from the facts included in the search warrant application is "that police wanted to seize the narcotics while [a]ppellant was present in the apartment before he had a chance to sell them." The presence of illegal drugs alone is insufficient to justify a blanket exception to the general search-and-seizure requirements. *See State v. Wasson*, 615 N.W.2d 316, 320 (Minn. 2000) (noting a blanket exception to the announcement requirement in felony drug cases was unconstitutional (citing *Richards v. Wisconsin*, 520 U.S. 385, 117 S. Ct. 1416 (1997)). However, the search warrant application included evidence beyond the suspected presence of drugs. The application specified that appellant was known to sell drugs until 11:00 p.m. and that officers had recently made a controlled buy during the evening

hours.[1]  Thus, the officers did not just have an unarticulated hunch that appellant sold drugs at night, they had information to support the suspicion.

To justify a nighttime search, the warrant application must establish that the police had a reasonable suspicion that a nighttime search was necessary to "preserve evidence." *Bourke*, 718 N.W.2d at 927.  Here, the officers had information to support their suspicion that appellant sold drugs at night and that waiting to execute the warrant until the daytime could lead to some of the drugs being sold.  Executing the search warrant before the drugs could be sold would allow the officers to preserve evidence.  Given that the reasonable-suspicion standard is "not high" and we give great deference to the issuing magistrate's determination that a nighttime search is justified, we conclude that the search warrant validly authorized a nighttime search of appellant's apartment.

**2.     The execution of the search warrant**

Further, even if the warrant invalidly authorized a nighttime search, the evidence would only need to be suppressed if the violation was so serious that it subverted the basic purpose of Minn. Stat. § 626.14.  *State v. Jackson*, 742 N.W.2d 163, 168-69 (Minn. 2007).  The Minnesota Supreme Court has determined that the interest protected by Minn. Stat. § 626.14 is the "freedom from intrusion during a period of nighttime repose."

---

[1] Appellant argues that the controlled buy was unreliable and cannot be used to justify a nighttime search.  This essentially challenges whether the warrant was supported by probable cause.  *See State v. Hawkins*, 278 N.W.2d 750, 750-51 (Minn. 1979) (discussing challenges to the reliability of a controlled buy as a probable-cause challenge).  Appellant did not argue that the warrant was unsupported by probable cause to the district court, and the issue is not before us now.  *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that appellate courts generally will not consider matters not argued to and considered by the district court).

*Id.* at 171 (emphasis omitted). The assessment of whether a particular search violated an individual's freedom from intrusion during his period of nighttime repose and subverted the basic principle of Minn. Stat. § 626.14 focuses on what officers knew before entering the home. *Id.* at 173. If the officers had "no basis to believe that [appellant] had not yet entered the period of nighttime repose" then the evidence must be suppressed. *Id.* But if the officers had reason to believe that appellant had not yet entered his period of nighttime repose then the violation would be merely technical and not require suppression. *State v. Lien*, 265 N.W.2d 833, 836, 841 (Minn. 1978).

The district court found that the officers knew the following before entering the apartment. Shortly after 10:00 p.m., the officers approached appellant's doorway. They had information from a confidential reliable informant that appellant sold drugs out of the apartment until 11:00 p.m. When the officers arrived they could hear multiple voices talking at an average volume and characterized the voices as having a "normal conversation." An officer testified that the voices sounded like they were close to the door, most likely in the room immediately after the door. The other individual in the apartment later stated that she and appellant were sitting at the kitchen table just "talking and laughing," which corroborates the officers' assessment of the situation. The officers also knew the apartment was "pretty small," but that the occupants were speaking at a normal volume and did not appear to be making an effort to be quiet.

Appellant argues that the evidence must be suppressed because the officers had "no meaningful information about whether appellant had entered his period of nighttime repose." We disagree. Unlike the officers in *Jackson*, who had no information about

7

what was going on inside the home, the officers here knew that there were multiple people inside the apartment having a "normal conversation" at an average volume. The officers also knew the apartment was "pretty small" and the appellant was known to sell drugs until 11:00 p.m., which is later than the time at which the officers executed the search warrant. This information gave the officers reason to believe that appellant, the occupant of the apartment, had not yet entered his period of nighttime repose. *See Jackson*, 742 N.W.2d at 171 (noting that police run less of a risk of violating the occupants' freedom from intrusion during the period of nighttime repose when it is apparent people are awake and active inside the home).

We conclude that even if the warrant did not validly authorize a nighttime search, the officers had reason to believe that appellant had not yet entered his period of nighttime repose. Therefore, any resulting violation would be merely technical and not constitutional in nature, and suppression would not be required. The district court did not err by denying appellant's motion to suppress.

**Affirmed.**