# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-1368

State of Minnesota,
Respondent,

vs.

Nicholas David Butze,
Appellant.

**Filed June 24, 2024**
**Reversed and remanded**
**Smith, Tracy M., Judge**

Becker County District Court
File No. 03-VB-23-159

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Charles Ramstad, Detroit Lakes City Attorney, Dylan Ramstad Skoyles, Karen Skoyles, Assistant City Attorneys, Ramstad, Skoyles, Winters & Bakken, P.A., Detroit Lakes, Minnesota (for respondent)

Adam Justinger, SW&L Attorneys, Fargo, North Dakota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Connolly, Judge; and Bratvold, Judge.

## SYLLABUS

In a prosecution for driving after suspension of driving privileges, the admission of a Minnesota Department of Public Safety "certificate of order sent" that is created after the prosecution has begun for the purpose of proving the element that the defendant was served notice of the suspension by mail violates a criminal defendant's Sixth Amendment right to confrontation to the extent that the certificate of order sent contains information about

mailing that is not in the underlying notice of suspension or other nontestimonial agency record.

**OPINION**

**SMITH, TRACY M.**, Judge

In this direct appeal from a judgment of conviction for driving after suspension of his driving privileges, appellant Nicholas David Butze argues that he is entitled to a new trial based on the district court's admission into evidence of three certified driving records from the Minnesota Department of Public Safety (DPS). Butze argues that the admission of a certificate of order sent regarding the issuance of a notice of suspension of his driver's license (1) violated the Confrontation Clause and (2) was an abuse of discretion under the hearsay rule. Butze also argues (3) that the admission of the notice of suspension of his driving privileges and an excerpt from his driving record was an abuse of discretion because, without the certificate of order sent, they lacked proper certification of authenticity.

We reject the evidentiary challenges raised by Butze. But we conclude that, because the certificate of order sent contained information about mailing that was not contained in the underlying notice of revocation and was created after prosecution had begun for the purpose of proving that DPS served notice of revocation by U.S. mail, the admission of the certificate of order sent violated the Confrontation Clause. Because the violation of Butze's right to confrontation was not harmless beyond a reasonable doubt, we reverse Butze's conviction and remand for a new trial.

# FACTS

On February 12, 2023, a police officer observed a vehicle traveling over the speed limit and conducted a traffic stop. After approaching the vehicle, the officer identified the driver as Butze and, after checking Butze's driver's license number on a database, learned that Butze's license was suspended. The officer issued a citation to Butze for driving after suspension, in violation of Minnesota Statutes section 171.24, subdivision 1 (2022). The citation was filed with the district court on February 13. A trial was held on August 17.

Butze objected to the state's exhibits of certified records from DPS.

Exhibit 1 was the first page of a "Notice of Suspension of Your Driving Privileges" addressed to Butze at his home address. At the top, the notice of suspension states, "**Date Issued:** Nov. 21, 2022." The body of the notice of suspension states that DPS would be suspending Butze's driver's license as of December 27, 2022.

Exhibit 2 was a "Certificate of Order Sent." At the top, the certificate of order sent states, "**Date Issued:** Mar. 22, 2023." The certificate of order sent is signed by DPS's director of vehicle services and is dated March 22, 2023. It states:

> The undersigned, being a duly appointed agent of the commissioner of Public Safety and responsible for the driver's license records of the Minnesota Department of Public Safety Driver and Vehicle Services division (DVS), and in fulfillment of Minnesota Statutes, section 171.24, subdivision 7, hereby certifies that:
>
> 1.    The attached is a true and correct copy of an order in the records of the Department of Public Safety, and that this copy has been compared with the copy of the original on file and is identical.

2. The original of the attached order was deposited as first-class mail in the United States Post Office in the city of St. Paul on Nov. 21, 2022. The original was properly enveloped, sealed, postage paid thereon and directed to the person named thereon at the address which was last known of said person shown by the permanent address on record.

Exhibit 3 was an excerpt from Butze's driving record. It contains an entry for November 21, 2022, stating, "Notice issued to driver whose driving privilege will be withdrawn." At the bottom of Exhibit 3 is a signed certification of the authenticity of DPS records, dated March 22, 2023.

Before trial, Butze objected to Exhibit 2, the certificate of order sent, on the grounds that it contained hearsay, lacked foundation, and violated his right to confrontation. Butze also objected to Exhibit 1, the notice of suspension, on the ground that, if the district court excluded Exhibit 2, there would be no certification of authenticity for the notice of suspension. The district court overruled Butze's objections.

Two witnesses testified at trial: the police officer and Butze. The state offered Exhibits 1 through 3 during the officer's testimony. Butze renewed his objections to Exhibits 1 and 2 and, in addition, objected to Exhibit 3, the driving-record excerpt, for lack of certification of authenticity. The district court overruled Butze's objections and admitted the exhibits.

Butze testified that he was "pretty shocked" and "very surprised" when the officer told him during the traffic stop that his license was suspended. He testified that he had not received notice of the suspension in the mail.

4

A jury found Butze guilty of driving after suspension, and the district court sentenced him to a stayed 90-day jail term and a $400 fine. Butze appeals.

## ISSUES

I.     Did the admission of the certificate of order sent violate Butze's confrontation right?

II.     Did the district court abuse its discretion by admitting the certificate of order sent over Butze's hearsay objection?

III.     Did the district court abuse its discretion by admitting the notice of suspension and the excerpt from Butze's driving record over Butze's objection that they lacked certification of authenticity?

## ANALYSIS

Butze was convicted of driving with a suspended driver's license under Minnesota Statutes section 171.24, subdivision 1. Under that subdivision,

> a person is guilty of a misdemeanor if:
> (1) the person's driver's license or driving privilege has been suspended;
> (2) the person has been given notice of or reasonably should know of the suspension; and
> (3) the person disobeys the order by operating in this state any motor vehicle, the operation of which requires a driver's license, while the person's license or privilege is suspended.

Minn. Stat. § 171.24, subd. 1.

Subdivision 7(a) of section 171.24 addresses the sufficiency of the notice given to the person. *See id.*, subd. 7(a) (2022). It provides that "[n]otice of . . . suspension . . . is sufficient . . . if mailed by first class mail to the person's last known address or to the

5

address listed on the person's driver's license." *Id.* Thus, to establish that the person was given notice of suspension, proof of receipt is not required, only proof that the notice was mailed in accordance with the provisions of subdivision 7(a).

The state relied on the DPS documents in the exhibits to prove that the notice of suspension was mailed to Butze by first class mail. Butze contends that the admission of those exhibits was error and that his conviction must therefore be reversed and the case remanded for a new trial. In support of his contention, Butze makes one constitutional argument and two evidentiary arguments. We address each in turn.

## I. Admission of the certificate of order sent violated the Confrontation Clause.

Butze argues the district court's admission of Exhibit 2, the certificate of order sent, violated his right to confrontation under the United States and Minnesota Constitutions. Whether the admission of evidence violates a defendant's confrontation right is a question of law that is reviewed de novo. *State v. Caulfield*, 722 N.W.2d 304, 308 (Minn. 2006).

Under the Confrontation Clauses in the United States and Minnesota Constitutions, defendants have the right to be confronted with the witnesses against them. U.S. Const. amend. VI; Minn. Const. art. I, § 6. In the leading case of *Crawford v. Washington*, the United States Supreme Court held that, under the Confrontation Clause, "testimonial" out-of-court statements must be excluded from evidence at a trial unless the speaker is unavailable for the trial and the defendant had an opportunity to cross-examine the speaker. 541 U.S. 36, 68 (2004). Although the Supreme Court did not define "testimonial," it described several formulations of a "core class" of testimonial statements that "share a common nucleus": ex parte in-court testimony or an equivalent, extrajudicial statements in

6

formal testimonial materials, and statements made under circumstances that would suggest to the speaker that the statement could be used at a later trial. *Id.* at 51-52. To determine whether a statement is testimonial, Minnesota courts consider whether the statement was prepared for trial, the nature and substance of the statements, and whether the statements are in the "core class" of testimonial statements described in *Crawford*. *See Caulfield*, 722 N.W.2d at 308-09; *State v. Andersen*, 900 N.W.2d 438, 444 (Minn. App. 2017).

The state contends that our 2018 decision in *State v. Noor* establishes that the certificate of order sent was nontestimonial. 907 N.W.2d 646 (Minn. App. 2018), *rev. denied* (Minn. Apr. 25, 2018). In *Noor*, we affirmed the defendant's conviction for driving after revocation of his driver's license, holding that the admission into evidence of a DPS certificate of order sent did not violate the Confrontation Clause because the document was nontestimonial. *Id.* at 647-49.

The challenged exhibit in *Noor* was a two-part exhibit that was similar to Exhibits 1 and 2 here. One part of the exhibit in *Noor* was a notice of revocation, addressed to Noor, informing him that his license was being revoked. *Id.* at 649. As described in our opinion, the notice of revocation itself stated that it "was mailed on February 9, 2016." *Id.* The other part of the exhibit was a certificate of order sent, which was dated ten days before trial. *Id.* at 648. The certificate of order sent certified:

> 1.      The attached is a true and correct copy of an order in the records of the Department of Public Safety, and that this copy has been compared with the copy of the original on file and is identical;
>
> 2.      The original of the attached order was deposited as first class mail in the United States Post Office in the city of

7

St. Paul on [February 9, 2016]. The original was properly enveloped, sealed, postage paid thereon and directed to the person named thereon at the address which was last known of said person shown by the permanent address on record.

*Id.* at 649 (alteration in original).

Noor argued that the certificate of order sent was testimonial and was admitted in violation of the Confrontation Clause. *Id.* We disagreed. *Id.* at 655. We determined that the certificate of order sent was nontestimonial because it was "created to certify and authenticate nontestimonial documents" under Minnesota Rule of Evidence 902(4)— which states that certificated copies of public records are self-authenticating—and was not created "for the evidentiary purpose of proving a fact against Noor." *Id.* at 655. We recognized that the crime of driving after revocation required the state to prove notice of the revocation. *Id.* But, we explained, it was "the underlying record," which "state[d] Noor had his license revoked and that it was mailed to him," that was probative of notice—it was not the certificate of order sent, which did not identify Noor by name. *Id.* And we explained that, consistent with existing caselaw, the underlying notice of revocation was nontestimonial. *Id.* (citing *State v. Vonderharr*, 733 N.W.2d 847, 852 (Minn. App. 2007)). We also explained that the certificate of order sent was nontestimonial because it was "duplicative of the underlying record" and "did not add any new information that could be interpreted to be testimonial." *Id.* at 656. The underlying record, we observed, stated that "the mailing date was February 9, 2016." *Id.* We ruled that the admission of a certificate of

8

order sent that simply authenticates nontestimonial records does not violate the right to confrontation. *Id.* at 655-56.[1]

We were careful, however, to limit our holding to the circumstance where the certificate of order sent does not add new information not found in the underlying record. *Id.* at 656. We referenced two decisions involving driving after revocation or suspension in which other states' supreme courts held that a certificate that not only attested to the authenticity of the underlying notice of revocation or suspension but also attested to the mailing of the notice—when the notice itself did not contain mailing information—was testimonial under the Confrontation Clause. *Id.* at 654 (citing *State v. Kennedy*, 846 N.W.2d 517, 525-27 (Iowa 2014); *Commonwealth v. Parenteau*, 948 N.E.2d 883, 890-91 (Mass. 2011)). We cautioned, "If the Certificate of Order Sent went beyond the scope of the Department of Public Safety record and contained additional information, then we may reach a different result, but that issue is not before us." *Id.* at 655.

Butze argues that *Noor* is not controlling because, here, the certificate of order sent goes beyond the information in the underlying notice of suspension. And, he contends, because the new information is in a record created in preparation for litigation for the purpose of proving that he received notice under Minnesota Statutes section 171.24,

---

[1] In *Noor*, we were applying a plain-error standard of review because the defendant did not object at trial. *Id.* at 649-50. The plain-error standard requires the defendant to show (1) error (2) that was plain and (3) that affected their substantial rights. *Id.* at 650. But we made clear in our opinion that we were applying de novo review to the Confrontation Clause question and that Noor had failed to establish error. *Id.* at 650, 656 n.10.

subdivision 7(a), to establish an element of the crime, the certificate of order sent is testimonial.

We agree that *Noor* is not controlling. Here, paragraph 2 of the certificate of order sent states that the underlying notice of suspension was deposited as first-class mail in the U.S. post office on November 21, 2022. But neither of the underlying nontestimonial documents created at the time of Butze's suspension—Exhibit 1, the notice of suspension, and Exhibit 3, the excerpt from his driving record—contains this information. Those documents state only the date that the notice of suspension was "issued," which provides no information about *how* the notice was provided to the driver. Paragraph 2 does not merely duplicate information in an underlying agency record and is not simply certifying the authenticity of an underlying record. *Compare Noor*, 907 N.W.2d at 655-56.

Applying the principles established in caselaw, we conclude that paragraph 2 of the certificate of order sent in this case was testimonial. The certificate of order sent states that it was signed and "issued" on March 22, 2023—after Butze had been charged with driving after suspension and while the prosecution was proceeding. The certificate of order sent states that the signatory is certifying the statements in the document "in fulfillment of Minnesota Statutes, section 171.24, subdivision 7." To prove the crime of driving after suspension, the state must prove as an element that notice of suspension was sent to the defendant, Minn. Stat. § 171.24, subd. 1(2), and "[n]otice of . . . suspension . . . is sufficient . . . if mailed by first class mail to the person's last known address," *id.*, subd. 7(a). Because the certificate of order sent contains information beyond the underlying record that it certifies and was created for litigation for the purpose of proving an element of a crime at

trial, the document was testimonial. *See Caulfield*, 722 N.W.2d at 308-09. And, because Butze had no opportunity to cross-examine the author of the document, the admission of the certificate of order sent violated his right to confrontation.

We recognize that the difference between *Noor* and this case might seem merely technical. Indeed, the difference could be eliminated if DPS simply included in its notice of suspension or other nontestimonial agency record (as it did in *Noor*) the information on how the notice was provided to the driver. But when, as here, the information is missing from the underlying agency record, the creation of a new agency record after a prosecution has begun in order to prove the element of notice makes that new record testimonial.

Finally, we note that the erroneous admission of Exhibit 2 is not harmless. "When an error implicates a constitutional right, we will grant a new trial unless the error is harmless beyond a reasonable doubt. An error is harmless beyond a reasonable doubt if the jury's verdict was surely unattributable to the error." *State v. Davis*, 820 N.W.2d 525, 533 (Minn. 2012) (citation and quotation omitted). Because Exhibit 2 was the only evidence proving that the notice of suspension was mailed to Butze by first-class mail, the jury must have relied on Exhibit 2 to find that an element of the crime was met. Accordingly, we are not convinced that the admission of Exhibit 2 was harmless beyond a reasonable doubt.

## II. The district court did not abuse its discretion by overruling Butze's hearsay objection to the certificate of order sent.

Butze argues that the district court abused its discretion by admitting Exhibit 2, the certificate of order sent, over his objection that it was inadmissible hearsay. Although we have concluded that the admission of the certificate of order sent violated the Confrontation

Clause, in the interest of completeness, we address this evidentiary issue. Rulings on evidentiary issues are within the sound discretion of the district court and are reviewed for an abuse of discretion. *State v. Ali*, 855 N.W.2d 235, 249 (Minn. 2014).

In the district court, the state responded to Butze's hearsay objection by invoking the business-records exception to the hearsay rule. *See* Minn. R. Evid. 803(6). In his principal appellate brief, Butze asserts two arguments why the exception does not apply: (1) the certificate of order sent was prepared for litigation and (2) the state failed to lay foundation for the certificate of order sent through a testifying witness. *See id.* In its response brief, the state argues that the certificate of order sent was properly admitted because it falls within the hearsay exception for public records and was properly certified as a public record. Buzte replies that we cannot evaluate the admissibility of the certificate of order sent under the public-records exception because the state did not assert that exception in the district court. And he contends that, in any event, the public-records exception does not apply.

Generally, "appellate courts will not decide issues that were not raised in the trial court." *State v. Grunig*, 660 N.W.2d 134, 136 (Minn. 2003). But "[a] respondent can raise alternative arguments on appeal in defense of the underlying decision when there are sufficient facts in the record for the appellate court to consider the alternative theories, there is legal support for the arguments, and the alternative grounds would not expand the relief previously granted." *Id.* at 134.

The state's alternative argument in defense of the district court's ruling is that the certificate of order sent falls within the public-records exception to the hearsay rule.

12

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Minn. R. Evid. 801(c). Hearsay is not admissible unless it falls into an exception in the Minnesota Rules of Evidence. Minn. R. Evid. 802. One exception is for public records. Minn. R. Evid. 803(8). Under that exception, "records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . the activities of the . . . agency" are not excluded by the hearsay rule "[u]nless the sources of information or other circumstances indicate lack of trustworthiness." *Id.*

We conclude that consideration of the state's alternative argument is appropriate because all three elements of the *Grunig* test are met. There are sufficient facts in the record for this court to consider the alternative theory because the certificate of order sent on its face describes the activities of the director of vehicle services at DPS and the document is certified to be a record of the agency. In addition, there is legal support for the state's argument under the public-records exception, as further described below. Finally, the alternative ground for admission of the evidence does not expand the relief previously granted because the alternative ground would yield the same result—admission of the evidence.

### A.     Application of the Public-Records Exception

Turning to the question of whether the certificate of order sent was admissible under the public-records exception, we conclude that it was. The document describes the activities of DPS, a public agency, in mailing the notice of suspension to Butze. Butze argues that the exception does not apply because the document lacks trustworthiness. He

13

relies on testimony from the police officer acknowledging the officer's lack of knowledge about DPS's records and on Butze's testimony that he did not receive the notice of suspension. Butze's argument is unconvincing. A police officer would not be expected to be familiar with DPS's records, and neither the officer's unfamiliarity with DPS recordkeeping nor Butze's claim not to have received the notice of suspension indicates a lack of trustworthiness of the certificate of order sent.

### B. Foundation

Butze's foundation argument is based only on the business-records exception to the hearsay rule—the exception that was relied upon by the district court at trial. Butze argues that the business-records exception was not satisfied because the state did not provide a custodian or other qualified witness to testify that the record is kept in the course of regularly conducted business activity and that it is the regular practice of the business to keep such a record. *See* Minn. R. Evid. 803(6).

Butze's foundation argument fails because we have concluded that the public-records exception is an alternative ground for the admissibility of the certificate of order sent. And, as a public record, the certificate of order sent is not subject to the foundation requirements for a business record. Certified copies of public records are self-authenticating documents. *See* Minn. R. Evid. 902(4) (stating that no extrinsic evidence is needed to prove the authenticity of "[a] copy of an official record . . . certified as correct by the custodian or other person authorized to make the certification, by certificate . . . complying with any Legislative Act"); Minn. Stat. § 171.21 (2022) ("Copies of any of the files or records of the department certified by the commissioner [of public safety] as being

14

true copies shall be received in evidence in any court in this state with the same force and effect as the originals."); *see also Noor*, 907 N.W.2d at 656 ("Certified copies of public records are self-authenticating under Minnesota Rules of Evidence 902(4).").

The district court did not abuse its discretion by overruling Butze's hearsay objection to the certificate of order sent.

**III.    The district court did not abuse its discretion by admitting the notice of suspension and Butze's driving record.**

Butze argues that, because the certificate of order sent was admitted in error, the district court abused its discretion by admitting Exhibit 1—the notice of suspension—and Exhibit 3—the excerpt from his driving record—because they lacked certification of authenticity. Rulings on evidentiary issues are within the sound discretion of the district court and are reviewed for an abuse of discretion. *Ali*, 855 N.W.2d at 249.

The authenticity of Exhibit 1 was established by paragraph 1 of the certificate of order sent—a certification paragraph unaffected by our Confrontation Clause analysis of paragraph 2—and by the certification of record found at the end of Exhibit 3. The authenticity of Exhibit 3 was established by the certification of record found at the end of Exhibit 3. Although the admission of paragraph 2 of the certificate of order sent violated Butze's constitutional right to confrontation, paragraph 1 is unaffected by that analysis and serves to properly authenticate Exhibit 1. And the admission of paragraph 2 of the certificate of order sent does not affect the authenticity of Exhibit 3 because Exhibit 3's authenticity is independently established by the certification stamp on Exhibit 3 itself. The

district court therefore did not abuse its discretion by admitting Exhibits 1 and 3 over Butze's objection that they lacked certification of authenticity.

## DECISION

Because the certificate of order sent included information about the mailing of a notice of suspension of driving privileges that was not contained in the notice of suspension and the certificate of order sent was created after Butze's prosecution had begun for the purpose of proving the element that he was served notice of the suspension, the admission of the certificate of order sent violated Butze's Sixth Amendment right to confrontation. This error was not harmless beyond a reasonable doubt. We reject Butze's evidentiary objections to the DPS records. We reverse and remand for a new trial.

**Reversed and remanded.**